# United States Bankruptcy Court

Northern District of Illinois
**Case No. 13–42858**
**Chapter 7**

In re: Debtor (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

   Patricia Arvide
   373 Brook St.
   Elgin, IL 60120

Social Security / Individual Taxpayer ID No.:
   xxx–xx–9991

Employer Tax ID / Other nos.:


## DISCHARGE OF DEBTOR

     It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).


                                          FOR THE COURT

Dated: <u>January 27, 2014</u>                      <u>Kenneth S. Gardner, Clerk</u>
                                                  United States Bankruptcy Court


**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor.*[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts that are Not Discharged.**

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
Northern District of Illinois

In re:  
Patricia Arvide  
    Debtor

Case No. 13-42858-CAD  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0752-1      User: rgreen      Page 1 of 1      Date Rcvd: Jan 27, 2014  
                         Form ID: b18      Total Noticed: 9

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 29, 2014.
```
db           +Patricia Arvide,    373 Brook St.,    Elgin, IL 60120-4154
21179207     +Arvide Patricia,    373 Brook St,    Elgin, IL 60120-4154
21179208     +Chicago Legal LLC,    3833 S Harlem Ave,    Berwyn, IL 60402-3925
21179209     +Con Financial Services,    509 Green Bay Road,    Waukegan, IL 60085-6003
21179210     +EOS CCA,    700 Longwater Drive,    Norwell, MA 02061-1624
21179212    ++NATIONSTAR MORTGAGE,    PO BOX 630267,    IRVING TEXAS 75063-0116
             (address filed with court: Nationstar Mortgage,    350 Highland Drive,    Lewisville, TX  75067)
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
21179211      EDI: CBSKOHLS.COM Jan 28 2014 00:18:00     Kohls/Capone,   PO Box 2983,
               Milwaukee, WI  53201-2983
21179213      EDI: DRIV.COM Jan 28 2014 00:18:00      Santander Consumer USA,   Attn Bankruptcy Dept,
               P O Box 560284,    Dallas, TX  75356-0284
21179214     +EDI: SEARS.COM Jan 28 2014 00:18:00      Sears/Cbna,   13200 Smith Rd,   Cleveland, OH 44130-7856
                                                                                                 TOTAL: 3
```

            ***** BYPASSED RECIPIENTS *****  
NONE.      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 29, 2014                        Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 27, 2014 at the address(es) listed below:
```
              Joseph Voiland    jrvoiland@sbcglobal.net,   jvoiland@ecf.epiqsystems.com
              Karen Walin    on behalf of Debtor Patricia  Arvide kwalin@chicagolegalllc.com,
               kgonzalez@gtprocessing.com;clifford7285@att.net;dshunnenson@chicagolegalllc.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
                                                                                             TOTAL: 3
```